IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division
IN ADMIRALTY

CMA CGM S.A.,

      Plaintiff,

v.

CAP BARBELL, INC.,

      Defendant.

Civil Action No. 2:18-cv- 215

SERVE:    Through the Secretary of the Commonwealth
Ed Tseng, Registered Agent
10820 Westpark Dr.
Houston TX 77042-5106

## COMPLAINT

NOW COMES, Plaintiff, CMA CGM S.A., ("CMA") by counsel, and files this Complaint against Defendant, Cap Barbell, Inc., for a judgment and an award of damages and alleges upon information and belief as follows:

### JURISDICTION

1. This is a case within the admiralty and maritime jurisdiction of this Honorable Court within the meaning of 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h) based on a Service Contract and various Bills of Lading, as described in detail below, which are maritime contracts for the transportation of certain containers from ports in China and Taiwan to various ports in the United States.

2. Venue of this action is properly found in this Honorable Court pursuant to the terms of the Service Contract entered into between the two parties and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the jurisdiction of this District.

## PARTIES

3. Plaintiff, CMA CGM S.A. is a foreign company with a principal place of business in Marseille, France, which through its U.S. Agent, CMA CGM(America) LLC maintains a principal place of business in the United States at 5701 Lake Wright Drive, Norfolk, Virginia. [CMA CGM S.A. and CMA CGM (America), LLC hereinafter are referred to collectively as "CMA"]. CMA is an ocean cargo container carrier.

4. Upon information and belief Defendant, Cap Barbell, Inc. is a Texas corporation with its principal place of business in Texas.

## FACTS

5. On or about May 1, 2016, Defendant Cap Barbell, Inc. entered into Service Contract Number 16-0665 with CMA to ship certain cargo on CMA's vessels. ("Service Contract").

6. Pursuant to the Service Contract, Cap Barbell, Inc. (the Shipper) is liable for freight charges, detention and demurrage charges for equipment used beyond the "free time" allowed, storage charges assessed by the terminal, and any other costs and fees associated with the cargo including fines, penalties, and any costs of disposal. Free time is that period following discharge of the cargo from the Carrier's vessel, within which the Consignee/Receiver must collect the cargo and return the empty equipment.

7. Pursuant to Term 7 of the Service Contracts, Defendant Cap Barbell, Inc. agreed that all shipments are subject to the rules, terms, and conditions, charges and surcharges set forth

in CMA's governing tariffs(s) in effect at the time of shipment, and that without limitation the contract rates may be increased by the amount of any increase published in CMA's rate tariff.

8. On August 15, 2016, CMA's applicable tariff was changed to add a Peak Season Surcharge 2 ("PSS2") to apply to all cargo tariff or service contract rates for all cargo shipped from all Asia and Far East Ports of Loading to all USA Ports of Discharge.

9. The PSS2 surcharge to the tariff was applied in the in the amounts of $360.00 for all 20 ft. containers, $400.00 for all 40 ft. containers, and $450.00 for all 40 ft. High Cube containers.

10. After signing the Service Contracts, Cap Barbell, Inc. shipped various cargo (collectively the "Cargo") from the ports of Tianjinxingang, China and Kaohsiung, Taiwan to various ports in the United States during the period of August 29, 2016 through April 20, 2017 aboard various CMA vessels (the "Shipments") as shown by the 82 CMA Bills of Lading collectively attached hereto as Exhibit A.

11. CMA has fully performed its obligations under the Service Contract and the Applicable Bills of Lading.

12. In connection with shipping the Cargo, CMA has invoiced Cap Barbell, Inc. for relevant shipping charges incurred by Cap Barbell, Inc. for the 82 Shipments as allowed by the Service Contract and filed tariff. The applicable invoices for the Shipments are collectively attached hereto as Exhibit B.

13. Each Shipment was subject to the PSS2 surcharge as allowed by the applicable tariff and the applicable invoice for each Shipment included the PSS2 charge that was applicable to the size of the shipping container as allowed by the CMA tariff.

14.     After receiving the CMA invoice for each Shipment, Cap Barbell, Inc. paid CMA for the amount of the invoice less a deduction for the PSS2 surcharge.

15.     To date, Cap Barbell, Inc. has failed to pay CMA for any of the PSS2 charges as shown on the invoices that are attached hereto as Exhibit B.

16.     As of July 21, 2017, CMA is owed $83,010.00 in unpaid PSS2 charges for the Shipments, as required under the Service Contract and tariff, and as evidenced by the 82 Bills of Lading and applicable invoices, which have never been paid by Cap Barbell, Inc.

## COUNT I

### (Breach of Contract – Peak Season Factor Adjustment Factor 2 Charges)

17.     Plaintiff, CMA realleges and incorporates by reference the allegations contained in paragraphs 1 – 16 herein.

18.     Defendant, Cap Barbell, Inc., has breached the Service Contract with CMA by not paying CMA the PSS2 charges.

19.     Pursuant to the Service Contract and tariff, Cap Barbell, Inc. is responsible for all of these costs and charges.

20.     As of July 21, 2017, the total amount of the unpaid PSS2 charges is $83,010.00.

21.     This amount continues to accrue each day.

22.     Cap Barbell, Inc. is obligated under the Service Contract, tariff, and Bills of Lading to pay CMA the total amount of PSS2 charges, and other associated costs, including the $83,010.00 already owed to CMA, and any additional fees and costs incurred by CMA.

## COUNT II
### (Suit on Open Account)

23.   Plaintiff, CMA realleges and incorporates by reference the allegations contained in paragraphs 1-22 herein.

24.   In the alternative to Count I, as evidenced by the 82 invoices, Bills of Lading, Service Contract, and tariff, an open account was created between Cap Barbell, Inc. and CMA.

25.   Cap Barbell, Inc. agreed to pay CMA for its services according to the terms of the Service Contract, tariff, Bills of Lading, and invoices.

26.   From September 2016 through April 2017, as evidenced by the numerous Bills of Lading and invoices, CMA provided services to Cap Barbell, Inc.

27.   The services were provided at the request and with the acquiescence of Cap Barbell, Inc. and rendered on its behalf.

28.   Throughout this period, Cap Barbell, Inc. continued to receive and accept the benefit of CMA's services as specified above, in the current total amount of $83,010.00.

29.   Cap Barbell, Inc. owes CMA the current full amount of $83,010. CMA has demanded, as it is entitled by the terms and conditions of the Bills of Lading, numerous invoices, the Service Contract, and tariff, that Cap Barbell, Inc. make an immediate payment in full of all outstanding amounts on the account. Cap Barbell, Inc. has failed and refused to pay this amount.

30.   CMA has made repeated demands upon Cap Barbell, Inc. for all amounts due and owing.

31.   Cap Barbell, Inc. has refused and continues to refuse to pay any and all sums due and owing to CMA.

32.   CMA has been damaged in the current amount of $83,010.00, which continues to accrue.

## COUNT III

### (Account Stated)

33. Plaintiff, CMA realleges and incorporates by reference the allegations contained in paragraphs 1-32 herein.

34. In the alternative to Count I, Cap Barbell, Inc. had a duty to pay CMA for its services.

35. Cap Barbell, Inc. impliedly assented to pay CMA on an account stated by failing to object to the existence of the debt on the account stated, as evidence by the numerous invoices received by Cap Barbell, Inc. in a reasonable amount of time.

36. To date CMA has been damaged in the current amount of $83,010.00 as a result of Cap Barbell, Inc.'s nonpayment on an account stated, which continues to accrue.

## COUNT IV

### (Quantum Meruit/Unjust Enrichment)

37. Plaintiff CMA realleges and incorporates by reference the allegations contained in paragraphs 1-36 herein.

38. In the alternative to the above listed Counts of this Complaint, all of the services furnished and provided by CMA in transporting the Cargo bestowed benefits on Cap Barbell, Inc.

39. Cap Barbell, Inc. had knowledge of the benefits bestowed upon it by CMA.

40. Cap Barbell, Inc. retained the benefits conferred upon it by CMA without paying CMA the reasonable value of said benefits.

41. Cap Barbell, Inc. reasonably should have expected to pay CMA for the benefits conferred.

42. By failing to pay the amounts due to CMA, Cap Barbell, Inc. has been unjustly enriched.

43. The reasonable value of the benefits bestowed upon Cap Barbell, Inc. for which CMA has not been paid, and Cap Barbell, Inc. has been unjustly enriched, is at least the $83,010.00 due to CMA as set forth in Count I above and any additional fees and costs incurred by CMA.

44. Accordingly, CMA is entitled to recover from Cap Barbell, Inc. the $83,010.00 already owed and any additional fees and costs incurred by CMA.

## PRAYER FOR RELIEF

WHEREFORE CMA CGM S.A., prays this Court:

(a) Enter a judgment against Cap Barbell, Inc. and an award of damages for **$83,010.00** through July 21, 2017, and such other costs as may accrue in connection with the Cargo, plus pre-judgment and post-judgment interest, costs, and attorneys' fees as permitted by law; and

(b) Provide CMA CGM S.A. any and all such other necessary relief.

Respectfully Submitted,

CMA CGM S.A.

/s/
Glen W. Thompson (VSB No. 22403)
Thomas S. Berkley (VSB No. 40124)
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Tel: 757-490-3000
Fax: 757-497-1914
gthompson@pendercoward.com
tberkley@pendercoward.com
*Counsel for CMA CGM S.A.*