IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | |
|---|---|
| **CMA CGM S.A.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-215 |
| ) | |
| **CAP BARBELL, INC.,** ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Cap Barbell, Inc.'s, ("Barbell") Partial Rule 12(b)(6) Motion to Dismiss, ECF No. 12. This matter was referred to the undersigned United States Magistrate Judge pursuant to a Referral Order from the Chief United States District Judge. ECF No. 16; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Defendant's Partial Rule 12(b)(6) Motion to Dismiss, ECF No. 12. The undersigned further **RECOMMENDS** the Court **GRANT** Defendant's Motion as to Count II, **GRANT** Defendant's Motion as to Count III, and **DENY** Defendant's Motion as to Count IV.

### I. PROCEDURAL BACKGROUND

On April 19, 2018, Plaintiff CMA CGM, S.A., ("CMA") filed a Complaint against Defendant Barbell. ECF No. 1. Plaintiff's Complaint asserted that it is due payment related to tariff charges unpaid by Barbell. Plaintiff asserted four counts in total, each alleging different theories of liability therein. *Id.* Count I asserted a claim for breach of contract, Count II asserted

1

a claim in the alternative for suit on open accounts, Count III asserted a claim in the alternative for account stated, and Count IV asserted a claim in the alternative for quantum meruit/unjust enrichment. *Id.*

Barbell filed its Partial Rule 12(b)(6) Motion to Dismiss and its Memorandum in Support of Partial Motion to Dismiss on July 13, 2018, contending that Plaintiff failed, in part, to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF Nos. 12 and 13. In Barbell's Motion to Dismiss, Barbell moved only to dismiss Count II, III, and IV of Plaintiff's Complaint. ECF No. 12. CMA filed a Memorandum in Opposition to the Partial Rule 12(b)(6) Motion to Dismiss on July 27, 2018. ECF No. 14. Barbell subsequently filed a Reply Brief in Support of the Partial Rule 12(b)(6) Motion to Dismiss on August 2, 2018. ECF No. 15.

## II. STANDARD OF REVIEW

Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To be sufficient under Rule 8, the pleading must meet two basic requirements: it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," *Iqbal*, 556 U.S. 678. Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

Accordingly, "the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). When considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). In other words, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

### III. ANALYSIS

To resolve Defendant's Motion, the Court accepts as true the following factual allegations in the Complaint. CMA is a foreign corporation that serves as an ocean cargo container carrier. ECF No. 1 at ¶ 3. Barbell is a Texas corporation. *Id.* at ¶ 4. As alleged in Plaintiff's Complaint, on May 1, 2016, Barbell entered into Service Contract Number 16-0665 ("Service Contract") with CMA to ship its cargo on CMA's vessels. *Id.* at ¶ 5. Barbell agreed to Term 7 of the Service Contract, which provides that all shipments are subject to the rules, terms, and conditions, charges and surcharges set forth in CMA's governing tariffs in effect at the time of shipment, and that contract rates may increase based on the amount to CMA's rate tariff. *Id.*

at ¶ 7. On August 15, 2016, CMA's tariff was changed to add a Peak Season Surcharge 2 ("PSS2") for all cargo shipped from Asian and Far East Ports to U.S. Ports, and this tariff applied to Barbell cargo shipped from ports in China and Taiwan to the United States from August 29, 2016, to April 20, 2017. *Id.* at ¶¶ 8-10. CMA has made eighty-two shipments for Barbell subject to the PSS2 and provided Barbell eighty-two Bills of Lading. *Id.* at ¶¶ 12-13 and attach. 2. After receiving CMA's invoice for each shipment, Barbell paid the invoice amount less a deduction for the PSS2 charges. *Id.* at ¶ 14. CMA calculates that Barbell owes it $83,010.00 related to unpaid PSS2 charges as of July 21, 2017. *Id.* at ¶ 16.

### A. Count II: Open Account

In the alternative to the Count I breach of contract claim, Plaintiff asserts Count II, a suit on open account claim against Barbell. *Id.* at ¶ 23. "The term 'open account' can be applied generally to any unsecured line of credit." *United Sav. Ass'n, F.S.B. v. Jim Carpenter Co.*, 252 Va. 252, 256 n.2, 475 S.E.2d 788, 790 n.2 (1996) (citing *Black's Law Dictionary* 1333 (6th ed. 1991)). An open account presumes that "separate orders and deliveries were part of an ongoing, unitary transaction," payment of which may not necessarily be due until after the last transaction. *Id.* at 793; *see also Columbia Heights Section 3, Inc. v Grffith-Consumers Co.*, 205 Va. 43, 135 S.E.2D 116, 118 (1964) (finding an open account existed where payment bore no relationship to the timing or amount of invoices and maintained significant balance.) "[D]etermining whether a particular claim found upon an account constituting a single continuing contract [i.e. open account] or upon separate and independently contracts is a question of fact . . . that turns on a substantive rather than technical view of the situation." *Id.* at 792. The Court "should consider the factors surrounding the dealings of the parties including their agreement and its purposes, object of work done or materials furnished, the time when the work was done or materials were

4

furnished, and other circumstances which suggest the nature of the parties' intentions." *Id.* at 793 (questioning whether there was an open account related to construction materials provided to build houses on several parcels of land).

Defendant argues Plaintiff has failed to provide sufficient facts to properly allege an open account under Count II. ECF No. 13 at 3-4. Defendant further argues that there was no line of credit established between the parties or allegation that Barbell made payments that bore no relationship to the invoices generated. *Id.* at 5. The Defendant contends the facts alleged actually contradict an open account, stating that payments were made on time and in relation to each individual invoice before the "payable in full" date but withheld payment related to the PSS2. *Id.* Lastly, Defendant maintains that "open accounts can include a contractual arrangement that may be modified by subsequent agreement of the parties with consideration," but that is not the case in this instance. ECF No. 15 at 4 (quoting ECF No. 14 at 4). Rather, Plaintiff has alleged that the PSS2 charge is accounted for in Term 7 of the contract, and thus, no modification was made that would suggest an open account. *Id.*

In response, Plaintiff states a complaint is not an appropriate place to lay out the full history and dealing of the parties necessary to establish whether an open account exists, and that Plaintiff is required only to provide a short and concise statement sufficient to put defendants on notice of the theory of recovery. ECF No. 14 at 4 (citing Fed. R. Civ. P. 8(a)). Despite this, Plaintiff asserts that the exhibits attached to its Complaint, which include Bills of Lading and invoices provide facts and information, which can serve as a basis for a claim on open account for services, namely, that Barbell had not fully paid for services rendered by CMA. *Id.* (referencing ECF No. 1 attach. 1 and 2). Further, Plaintiff argues that while an open account *can*

apply generally to any unsecured line of credit, an unsecured line of credit is not necessary to a finding that an open account exists. *Id.* at 5.

"[C]onsider[ing] the factors surrounding the dealings of the parties including their agreement and its purposes," the Complaint states that "as evidenced by the 82 invoices, Bills of Lading, Service Contract, and tariff, an open account was created between Cap Barbell, Inc. and CMA." *Id.* at ¶ 24. However, none of the facts alleged in Plaintiff's Complaint support this conclusory statement. To the contrary, Plaintiff's factual allegations suggest that no open account was created. A Service Contract was agreed to and the increase costs occurred consistent with that Service Contract. A Bill of Lading and invoice were provided to Barbell related to each individual shipment and the invoices tied to each shipment provide distinctive payment due dates. Barbell paid each invoice shortly after each was provided to them, less the amount of the PSS2. The facts alleged suggest "separate orders and deliveries were" not "part of an ongoing, unitary transaction." *United Sav. Ass'n, F.S.B.*, 475 S.E.2d at 793. While an overarching Service Contract governed the party's relationship, the facts indicate each Bill of Lading and related invoice was intended to stand individually, each providing a unique payment due date. Barbell's payments were consistent with the amount (less the PSS2) and timing provided by the individual invoices.

While Plaintiff is correct that the Complaint need not recite the entire course of dealing and history between the parties, Plaintiff must allege at least sufficient facts to support a claim for open account. *Iqbal*, 556 U.S. at 679. Plaintiff has failed to allege such sufficient facts. Therefore, the undersigned recommends Defendant's Motion to Dismiss Count II be **GRANTED**.

## B. Count III: Account Stated

In the alternative to the Count I breach of contract claim, Plaintiff asserts Count III, an account stated claim against Barbell. ECF No. 1 at ¶ 33. Count III provides that Barbell "impliedly assented to pay CMA on an account stated by failing to object to the existence of debt on the account stated, as evidenced by the numerous invoices received by Cap Barbell, Inc. in a reasonable amount of time." *Id.* at ¶ 35. "An account stated is where the accounts between the parties have been . . . settled." *Ellison v. Weintrob*, 139 Va. 29, 34-35, 123 S.E. 512, 514 (1924). For an account to be stated, it must be "either actually settled or [ ] presumed to be so from the circumstances of a party's retaining, for a long time, without objection, the account of the other party, which has been presented to him, showing a balance against him." *Id.* "[T]he mere rendering of an account by one party to another, is not sufficient to make an account stated." *Robertson v. Wright*, 58 Va. (17 Gratt.) 534, 541 (1867). There must be some "evidence to show that the party who is sought to be charged has, by his language or conduct, admitted the correctness of the account." *Id.*

Defendant argues Plaintiff has failed to provide sufficient facts to properly allege an account stated under Count III. ECF No. 13 at 5. The fact that Barbell paid each invoice promptly and in full but omitted the amount related to the PSS2 charge, Defendant contends, does not indicate an implied acceptance of the PSS2 charge, but rather implies that Barbell contested or rejected the charge. *Id.* at 6. Defendant states that this action demonstrates Barbell did not believe the PSS2 charges to be correct, and thus, there could be no meeting of the minds on that issue. *Id.*

Plaintiff contends that many of the invoices were issues over a year ago and that the passage of time, without objection to the full amount provided in each invoice, implies Barbell's

7

acceptance of the charges. ECF No. 14 at 6 (citing *Goldsmith v. Latz*, 96 Va. 680, 686, 32 S.E. 483, 485 (1889) (finding that one year without objection is a sufficient length of time to establish an implied admission)). Plaintiff argues that Barbell's payments, which exclude the PSS2 charges do not constitute a timely objection to the PSS2 charge. *Id.* at 6. Because the court is required to construe the claims in the light most favorable to the nonmoving party, Plaintiff contends that the Court should find it has pled sufficient facts to allege a claim for account stated. *Id.*

The ability for Plaintiff's claim of account stated to survive Defendant's 12(b)(6) Motion turns solely on whether the Complaint alleges facts to support that Defendant impliedly accepted the PSS2 charges. Plaintiff is correct that the passage of time after "a long time, without objection" may give rise to implied acceptance. *Ellison*, 123 S.E. at 514. However, "determining whether a complaint states on its face a plausible claim for relief . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d at 193. Both the Plaintiff and Defendant have argued the Court should interpret the implication of Defendant's actions when Defendant paid the full amount of each invoice but omitted the PSS2 surcharge. Drawing from common sense, the only conclusion the Court may reasonably draw from this fact is that Barbell objected to or opposed the PSS2 surcharge, and by extension the account as stated, since, as CMA has alleged, Barbell paid all but the specific PSS2 surcharge on every invoice. ECF No. 1 at ¶ 14. Under the *Iqbal/Twombly* analysis, Barbell's consistent failure to pay the PSS2 surcharge cannot plausibly constitute its implied acceptance of that charge. As a result, the Complaint fails to allege sufficient facts that Defendant, by "language or conduct, admitted the correctness of the

account." *Robertson*, 58 Va. (17 Gratt.) at 541. Therefore, the undersigned recommends Defendant's Motion to Dismiss Count III be **GRANTED**.

### C. Count IV: *Quantum Meruit*/Unjust Enrichment

In the alternative to the Count I breach of contract claim, Plaintiff asserts Count IV, a *quantum meruit*/unjust enrichment claim against Barbell. ECF No. 1 at ¶ 37. "To state a cause of action for unjust enrichment, [plaintiff] had to allege that: (1) he conferred a benefit on [defendant]; (2) [defendant] knew of the benefit and should reasonably have expected to repay [plaintiff]; and (3) [defendant] accepted or retained the benefit without paying for its value." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008) (citing *Nedrich v. Jones*, 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993)).

Defendant argues that Plaintiff's claim for unjust enrichment is barred because Defendant agrees with Plaintiff that there is a governing written contract. ECF No. 13 at 6. While Defendant concedes that Rule 8(d)(2) of the Federal Rules of Civil Procedure permit pleadings in the alternative, Plaintiff may not seek equitable relief where the parties do not dispute the validity or existence of an express contract governing Plaintiff's claim. *Id.* at 6-7 (citing *Commerce & Indus. Ins. Co., Inc. v. Advance Tech., Inc.*, 2009 WL 10688418 (E.D. Va. 2009)). Defendant states multiple courts have held that when the court has determined or the parties have stipulated that an expressed contract exists, quasi-contractual remedies are not available. ECF No. 15 at 2. Defendant argues that there is no need for Defendant to have filed an answer to confirm the undisputed existence of a valid contract and the concession provided in Defendant's Partial Rule 12(b)(6) Motion to Dismiss, ECF No. 12 at 2, Defendant's Memorandum in Support, ECF No. 13 at 7, and Defendant's Reply Brief in Support, ECF No. 15 at 2, 5, is sufficient for the purpose of dismissing Count IV. ECF No. 15 at 5.

9

Plaintiff argues that, in asserting a claim for unjust enrichment, Plaintiff does not seek double recovery and has appropriate pled Count IV in the alternative. ECF No. 14 at 6-7. Plaintiff contends that Defendant's 12(b)(6) motion is premature, as finding in favor of Defendant would require the Court to determine or accept Defendant's concession absent the benefit of Defendant's Answer, which will be instructive on the issue of breach of contract and Defendant's understanding of the scope of the contractual relationship. *Id.* at 7. Plaintiff argues that because Defendant has not filed an Answer the contractual relationship remains in dispute and unjust enrichment remains a viable theory of recovery in the alternative. *Id.* at 7-8.

Under Virginia law, "[t]he existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc. v. FCI Fed. Inc.*, -- Va. --, 814 S.E.2d 183, 190 (2018). "[I]f a court finds that an express contract exists between the parties, either by determination of the court or stipulation of the parties, the equitable remedy of unjust enrichment is unavailable." *Va. Elec. & Power Co. v. Broe Growth Capital LLC*, 2007 WL 2071726 at *2 (E.D. Va. 2007) (citing *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988); *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 655 (W.D. Va. 2006)). However, "pleading unjust enrichment as an alternative to a breach of contract claim is appropriate where the validity or existence of an express contract governing the plaintiff's claim is in dispute." *Commerce & Indus. Ins. Co., Inc. v. Advance Tech., Inc.*, 2009 WL 10688418 at *1 (E.D. Va. 2009) (citing *Swedish Civil Aviation v. Project Mgmt. Enters.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002)).

Although Defendant contends it has stipulated to the existence of an express contract, by failing to file an Answer wherein such a contention might have been admitted, Defendant's argument in its brief is insufficient. Because the Court does not have the benefit of Defendant's

10

Answer, it is unclear whether the contract Plaintiff alleges governs the dispute is in fact contested, and to what extent. Further, the Court cannot accept as proper a blanket concession that a contract existed between the parties in the pleadings for a motion to dismiss, which neither addresses the scope of the alleged contract nor the extent to which Defendant objects to the contract and/or portions of it. Defendant cites several cases, none of which directly address the immediate issue: whether an Answer is required for the Court to find that the existence or validity of a governing contract is not in dispute. *See Acorn Structures, Inc.*, 846 F.2d at 926 (finding plaintiff failed to allege facts consistent with the elements of unjust enrichment); *Commerce & Indus. Ins. Co., Inc.*, 2009 WL 10688418 at *1 (denying defendant's motion to dismiss because there was a question about whether the dispute was covered by the contract); *Inman*, 467 F. Supp. 2d at 655 (dismissing unjust enrichment by finding employment is governed by an employment contract but not addressing whether it was in dispute); *Vollmar v. CSX Transp., Inc.*, 702 F. Supp. 1154, 1176 (E.D. Va. 1989) (ruling on a motion for summary judgment regarding unjust enrichment); *CGI Fed. Inc.*, 814 S.E.2d at 190 (reviewing the lower court's decision on issues arising out of a motion for summary judgment). Further, a proper Answer could shed significant light on whether unjust enrichment is a viable claim moving forward. Absent Defendant's Answer, the Court cannot determine whether the contract is undisputed or whether Plaintiff's grievances are undisputedly governed by the contract. Thus, the Court finds that Defendant's Partial 12(b)(6) Motion to Dismiss is premature as to Count IV. Therefore, the undersigned recommends Defendant's Motion to Dismiss Count IV be **DENIED**.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Barbell's Motion to Dismiss Counts II and III be **GRANTED**, and that its Motion to Dismiss Count IV be **DENIED**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party a file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus thee days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The Chief United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 17, 2018

12